IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON L. BROOKS,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | CIVIL NO. 09-cv-138-JPG |
| ) | |
| JACKSON COUNTY, et al.,   ) | |
| ) | |
| Defendants.   ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Brandon Brooks, currently an inmate in Menard Correctional Center, brings this suit in relation to an incident occurring in Jackson County. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its

face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

## THE COMPLAINT

Brooks was at a nightclub in Carbondale, IL on May 13th, 2007, when a fight broke out among patrons. Brooks attempted to leave the club, but was stopped by Carbondale police officers. The officers grabbed Brooks, performed a search, then threw him to the ground, claiming Brooks was resisting. Brook's brother was present at the scene, and when he tried to intervene the officers threw him to the ground as well. Brooks was then taken to the Carbondale police station.

Once at the station, Brooks was informed that he was stopped because a patron of the club wearing a black multi colored shirt was rumored to be in possession of a firearm. The officers informed Brooks that he fit that description, which is why he was searched, and when he began resisting arrest he was brought in. Brooks told the officers that he did not have a gun, and had no where to hide one. The officers did not believe Brooks, and placed him in the Jackson

County Jail on charge of possession of a firearm.

Ultimately the case was thrown out after a preliminary hearing, and Brooks was freed from the jail.  Brooks claims that the Carbondale police refused to interview witnesses about the case, and disregarded his statements of innocence, in an attempt to keep Brooks jailed for as long as possible.

### DISCUSSION

Brooks has brought suit against Jackson County, Carbondale Police Department, and the States Attorney for harassment.  Brooks claims that these entities are responsible for the actions of their employees, and thus are liable to him for the wrongful acts.

Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).  *See also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.' " *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).  *See also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.' "(quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007))).

Brooks does not expressly allege and nothing in the facts provided by Brooks suggests

that Jackson County, the Carbondale Police Department, or the States Attorney had a policy to harass him (specifically) or anyone else (in general).  At the most, Brooks has alleged that the specific officers involved in his arrest violated his constitutional right, but as stated above the municipalities involved here are not responsible for the actions of deviant employees.  Even though the States Attorney is not a municipality, Plaintiff's claim against the States Attorney must still be dismissed because prosecutors are immune from civil suit under § 1983 for "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Thus, Brooks has not stated a claim against the Defendants.

**DISPOSITION**

In summary, Brooks's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**

Dated: September 23, 2009.

    s/ J. Phil Gilbert
    U. S. District Judge